2020R00132/TSK

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Karen M. Williams |
| v. | : | Crim. No. 24-119 |
| JOSHUA HAND | : | 18 U.S.C. § 242 |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

**(Deprivation of Civil Rights Under Color of Law)**

1.  At all times relevant to this Information:

    a.  Bayside State Prison was a multi-security correctional facility in Leesburg, New Jersey, that housed male inmates serving sentences under New Jersey state law. Bayside State Prison included a medium security facility (the "Prison"). Prison inmates were given work assignments, including in the Prison's kitchen, to facilitate prison operations and promote the reduction of recidivism.

    b.  Defendant JOSHUA HAND was a corrections officer at the Prison.

    c.  John Makos was a corrections officer at the Prison.

    d.  Prison corrections officers were responsible for the well-being of the inmates incarcerated at the Prison and had a duty to protect inmates under their supervision from harm, which included the duty to protect inmates from physical assaults by other inmates and assaults by corrections officers that were carried out for no legitimate law enforcement purpose.

e. Prison corrections officers were required, pursuant to prison policy, to report uses of force perpetrated by inmates or other corrections officers against inmates.

f. Victim 1 and Victim 2 were inmates at the Prison.

### **The Assaults**

2. At times between in or about April 2019 and in or about December 2019, Victim-Inmates at the Prison were assaulted in a cruel, unusual, arbitrary, and capricious manner for actual, perceived, and fabricated violations of the Prison's rules and customs. There was no legitimate law enforcement purpose for the assaults, which, on occasion, resulted in bodily injury to the Victim-Inmates. These assaults were carried out by inmates recruited by corrections officers and/or by the corrections officers themselves who had a duty to protect the Victim-Inmates from harm.

3. A common form of abuse undertaken by corrections officers at the Prison occurred when they initiated a "going away party" directed at an inmate who was nearing the completion of his prison sentence. Specifically, certain inmates at the Prison were targeted for a "going away party" prior to their departure from the Prison or their transfer to another unit or facility. At a minimum, corrections officers at the Prison orchestrated the assaults and recruited other inmates to physically assault the inmate receiving the "going away party." On other occasions, corrections officers at the Prison either helped to restrain the inmate and/or directly participated in the physical assault of the inmate.

4. The assaults on the Victim-Inmates took place in areas of the Prison's kitchen that were out of sight of surveillance cameras so that there was no visual record of the assaults.

5. HAND and others observed the assaults on the Victim Inmates, which constituted unreasonable and excessive force, and included instances where the Victim-Inmates were physically restrained while being assaulted. During these assaults, HAND had the opportunity and means to stop or limit the unreasonable and excessive force used against Victim-Inmates. HAND did not attempt to stop the unreasonable and excessive force that he observed being used against the Victim-Inmates. HAND never reported the unreasonable and excessive force that he witnessed being carried out against Victim-Inmates, though he was obligated to report force used on an inmate. Two of these assaults occurred on or about December 5, 2019, and are described in sequence below:

    a. On or about December 5, 2019, shortly before Victim 1's scheduled release from the Prison, Victim 1 was summoned to the officers' quarters at the prison by Makos who engaged Victim 1 in conversation. Shortly after Victim 1 entered the officer's quarters, the exit door was blocked and, in the presence of both HAND and Makos, Victim 1 was assaulted by several inmates and taken down to the floor.

    b. During the assault, Victim 1 was held down by several inmates while others delivered punches and other blows to the torso, arms, and legs of Victim 1. One of the inmates delivered multiple punches to Victim

3

1's lower body and torso. Another inmate was positioned near the door as a lookout. While the assault of Victim 1 took place, HAND remained near the assault and had a reasonable opportunity to intervene. Instead, HAND watched but did not say or do anything to stop the assault.

   c. Victim 1 was injured during the assault but did not complain to prison authorities about the assault because Victim 1 feared that Victim 1's discharge date might be postponed. Additionally, neither HAND, nor Makos filed a report about the December 5, 2019 assault on Victim 1.

   d. Later on December 5, 2019, Victim 2 was in the officers' quarters at the prison with HAND and Makos. Without provocation, Makos struck Victim 2 in the legs multiple times with a broomstick. Victim 2 was injured during the assault. While Makos assaulted Victim 2, HAND remained near the assault and had a reasonable opportunity to intervene. Instead, HAND watched but did not say or do anything to stop the assault.

   e. After the assault on Victim 2 concluded, neither HAND, nor Makos filed a report about the assault.

  6. On or about December 5, 2019, in Cumberland County, in the District of New Jersey, and elsewhere, defendant

**JOSHUA HAND,**

while serving as a corrections officer at the Prison, and acting under color of law, willfully deprived Victim 1 and Victim 2, inmates housed at Bayside State Prison in New Jersey, of a right and privilege secured and protected by the United States Constitution, namely, the right not to be subjected to cruel and

unusual punishment. Specifically, HAND failed to intervene to protect Victim 1 and Victim 2 from being assaulted, despite having an opportunity to do so. The offense resulted in bodily injury to both victims.

In violation of Title 18, United States Code, Section 242.

*Philip R. Sellinger/by LMC*
PHILIP R. SELLINGER
United States Attorney

CASE NUMBER: _____

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

JOSHUA HAND

# INFORMATION

18 U.S.C. § 242

**PHILIP R. SELLINGER**
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

THOMAS S. KEARNEY
*ASSISTANT U.S. ATTORNEY*
*(973) 297-2019*

USA-48AD 8
(Ed. 1/97)